**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-94

UNITED STATES TAX COURT

JAMES ALTON TUCKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19960-12S.                    Filed November 25, 2013.

<u>Brett M. Bloom</u>, for petitioner.

<u>Robert J. Braxton</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code[1] in effect when the petition was

_____

[1]Unless otherwise indicated, all subsequent section references are to the
Internal Revenue Code in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $10,425 in petitioner's 2010 Federal income tax and disallowed, in part, a claimed deduction for payments made on behalf of Darlene Wilmoth-Tucker (Ms. Wilmoth). The remaining issue[2] for decision is whether the payments petitioner made in 2010 on behalf of Ms. Wilmoth are properly deductible as alimony payments under section 215.

Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the Commonwealth of Virginia when the petition was filed.

Petitioner and Ms. Wilmoth were married on May 25, 1985. The parties separated in 2004, and Ms. Wilmoth later initiated divorce proceedings.

---

[2]In the notice of deficiency, respondent disallowed petitioner's head of household filing status and petitioner's claimed dependency exemption deduction for his adult son. Petitioner does not contest these determinations.

In April 2009 the court (trial court) exercising jurisdiction over petitioner's divorce proceedings issued a memorandum (memorandum) identifying and distributing the marital estate and awarding support. With respect to child and spousal support, the trial court ordered petitioner to pay Ms. Wilmoth $2,414 per month. The trial court further ordered petitioner "to provide for Mrs. Tucker's health insurance in the amount of $1,400 per month."

In August 2009 the trial court issued the final divorce decree (final decree) and affirmed, ratified and incorporated by reference its own memorandum, ordering that

> [U]pon entry of the Final Decree of divorce, * * * [husband] shall pay to * * * [wife] the sum of $1,400 per month in addition to spousal support to assist * * * [wife] in paying health insurance premiums. This is not in the nature of spousal support and shall not be taxable to * * * [wife] nor deductible to * * * [husband] for income tax purposes. [Emphasis added].

Petitioner appealed the trial court's order in the final decree, in pertinent part, because of the language characterizing the health insurance premium payments as not in the nature of spousal support. Petitioner alleged that the trial court lacked the authority to order him to make health insurance premium payments that were "not in the nature of spousal support" and that the trial court failed to properly characterize the payments as either a distribution of property or

in the nature of spousal support. Upon appeal, the Court of Appeals of Virginia (appeals court) determined that "the trial court did not err upon inclusion of the phrase 'not in the nature of spousal support'" in the final decree. The appeals court explained in an analogous case that although health insurance premium payments may be labeled as spousal support for bankruptcy purposes (and may be "labeled" as such in a separation agreement or divorce decree), a court may also simultaneously characterize these payments as "not in the nature of spousal support" for income tax purposes only. Stacy v. Stacy, 669 S.E.2d 348 (Va. Ct. App. 2007).

The appeals court went on to explain the rationale for the simultaneous yet contradictory characterization for a payment. A Virginia State court may designate a payment as "in the nature of spousal support" to prevent, for example, a discharge of such an obligation in bankruptcy proceedings. However, the court may also designate the same payment as "not in the nature of spousal support" for income tax purposes, thereby limiting the payor spouse's ability to claim a deduction for the payment. The appeals court concluded that it would not decide whether the language in the final decree was sufficient to avoid potential tax consequences but that it seemed apparent that the language was included for that purpose. The appeals court then found that the health insurance premium

payments were in the nature of spousal support and upheld the trial court's characterization of the payments as nondeductible by the husband and not includible in income by the wife.

The appeals court affirmed the trial court's order in the final decree regarding the health insurance premium payments and reversed and remanded on other issues. The trial court on remand issued a final order affirming its language in the final decree, stating that "the order for health insurance payments to the plaintiff from the defendant in the sum of $1,400.00 per month as set forth on page 4 of the final decree is affirmed and said order shall continue in full force and effect." The trial court's final order retained the original language in the final decree which specified that the health insurance premium payments were "not in the nature of spousal support and shall not be taxable to *** [wife] nor deductible to *** [husband] for income tax purposes."

For the 2010 tax year petitioner paid $16,632 in health insurance premiums on behalf of Ms. Tucker.[3] On his 2010 Federal income tax return petitioner

---

[3]Respondent notes that the $16,632 disallowed in the notice of deficiency is not representative of the 12 monthly health insurance premium payments of $1,400 petitioner made because 12 multiplied by $1,400 equals $16,800. Respondent disallowed $16,632 because it was the difference between what was allowed ($29,968) as an alimony deduction and the total amount petitioner claimed on his 2010 Federal income tax return ($45,600).

claimed a deduction for "alimony paid" on behalf of Ms. Tucker for her health insurance premiums.

In a notice of deficiency dated July 2, 2012, respondent disallowed petitioner's claimed deduction for the health insurance premium payments.

The parties agree that petitioner and Ms. Wilmoth lived in separate households at all relevant times and that the obligation to make payments to Ms. Wilmoth will automatically terminate upon her death. In addition, petitioner's obligation to make health insurance premium payments on behalf of Ms. Wilmoth is provided for in a divorce or separation instrument. Respondent contends that because the final decree specifies that the health insurance premium payments are "not in the nature of spousal support", such payments are nondeductible by petitioner and not includible in income for Ms. Wilmoth.

Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to factual issues may shift to the Commissioner under section 7491(a). Because there is no factual dispute in this case, section 7491 is inapplicable.

## Alimony Payments

Section 215(a) allows a deduction for alimony paid during the payor's taxable year.  Section 215(b) defines alimony or separate maintenance as any "payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71."  Section 71(b) provides a four-step inquiry for determining whether a cash payment is alimony.  Section 71(b) provides:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.-- For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,
>
> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Payments are deductible as alimony only if all four requirements of section 71(b)(1) are met. Section 71 was originally enacted to provide a uniform definition of alimony so that alimony payments could be distinguished from property settlements, which receive different tax treatment. H.R. Rept. No. 98-432 (Part 2), at 1495 (1984), 1984 U.S.C.C.A.N. 697, 1137; see also Kean v. Commissioner, 407 F.3d 186, 189 (3d Cir. 2005), aff'g T.C. Memo. 1995-183. Congress specifically intended to eliminate the subjective inquires into intent and the nature of payments that had plagued the courts in favor of a simpler, more objective test. Hoover v. Commissioner, 102 F.3d 842, 845 (6th Cir. 1996), aff'g T.C. Memo. 1995-183.

The parties are in agreement that petitioner's payments were made pursuant to a divorce or separation instrument, that petitioner and his former wife were not members of the same household during the year at issue, and that the obligation to make the payments will not survive the death of the payee spouse. The parties disagree, however, as to whether the divorce or separation instrument designates the payments as not includible in gross income for the payee and not allowable as a deduction for the payor.

Petitioner acknowledges that caselaw does not allow a deduction for payments made to a former spouse if the instrument ordering such payments

specifies that the payments are nondeductible by the payor spouse. Petitioner contends that even though the final decree characterizes the payments as nondeductible by the payor spouse, the spouses themselves must first intend such a designation. Petitioner cites section 1.71-1T(b), Q&A-8, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984), in support of his proposition that the spouses must intend such a designation.

Section 1.71-1T(b), Q&A-8, Temporary Income Tax Regs., supra, provides that "spouses may designate that payments otherwise qualifying as alimony or separate maintenance payments shall be nondeductible by the payor and excludible from gross income by the payee by so providing in a divorce or separation instrument". Petitioner emphasizes that the phrase "spouses may designate" (emphasis added) demonstrates that the trial court lacked the authority to include such language without the consent of the parties. Petitioner further alleges that despite the "income tax" language in the final decree, the trial court had not contemplated an income tax designation for these payments. Accordingly, petitioner urges this Court to look beyond the four corners of the final decree to determine whether the parties intended to include language characterizing the health insurance premium payments as nondeductible by the payor and not includible in income by the payee.

Petitioner's argument that the regulations constrain a trial court's ability to characterize such a payment as nondeductible and excludible from income is without merit. Section 1.71-1T(b), Q&A-8, Temporary Income Tax Regs., supra, provides that the parties to a separation may agree that payments in the form of alimony are nondeductible by the payor and not includible in income by the payee. The regulations allow for parties to agree but do not provide spouses with complete authority to define such payments in a State court matter. Furthermore, the regulations do not contemplate or regulate the ability of a State trial court, in its discretion, to designate a payment as alimony, as child support, or as an equitable division of property under State law. The appeals court recognized that the trial court had broad discretion in characterizing the payments made pursuant to the separation instrument, and the trial court used its discretion in characterizing the payments as nondeductible by petitioner and not includible in income by Ms. Wilmoth. On remand, the trial court specifically affirmed, in full force and effect, its characterization in the final decree regarding the health insurance premium payments.

Finally, section 71(b) provides a uniform definition of alimony, and this Court will not revert to the inquiry that courts wrestled with before the enactment

of section 71(b) by looking to the intent of the parties in determining whether health insurance premium payments are in the nature of spousal support.

As discussed above, section 71 requires, as one of the conditions to qualify as alimony, that the divorce instrument not designate a payment as not includible in gross income and not allowable as a deduction under section 215. The final decree is conclusive in characterizing the health insurance premium payments as nondeductible by the payor spouse and not includible in income by the payee spouse, thus excluding the payments from the definition of alimony pursuant to section 71(b)(1)(B). The health insurance premium payments are not alimony under section 71(b) and are, therefore, not deductible by petitioner.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.